UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALI ALI-BEY, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-24-828-G |
| CITY OF MIDWEST CITY et al., | ) ) ) ) |
|     Defendants. | ) ) |

## ORDER

In August of 2024, Plaintiff Ali Ali-Bey filed a pro se civil rights Complaint (Doc. No. 1), bringing claims against Defendants City of Midwest City, David Howell, Vicki Floyd, and Brodie Bolen.

On February 18, 2025, Defendants filed a Motion to Dismiss (Doc. No. 10) with a supporting Brief (Doc. No. 11). The Motion sought dismissal of Plaintiff's claims pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. The document represented that Plaintiff was served with the Motion via U.S. Mail sent to Plaintiff's address of record. *See* Defs.' Mot. to Dismiss at 5.

Although the Court allowed approximately six months for Plaintiff to respond, Plaintiff did not file a response to the Motion to Dismiss or otherwise contact the Court. Therefore, on August 12, 2025, the Court took up the Motion to Dismiss and found that Plaintiff had effectively conceded the propriety of dismissal by failing to oppose Defendants' request. *See* Order of Aug. 12, 2025 (Doc. No. 13) at 1. The Court also deemed the factual representations made in the Motion to Dismiss confessed pursuant to

the Court's local rules. *See id.*; LCvR 7.1(g). The Court therefore granted the unopposed Motion to Dismiss and entered a judgment of dismissal without prejudice. *See* Order of Aug. 12, 2025, at 1; J. (Doc. No. 14) at 1.

Now before the Court is Plaintiff's Motion for Reconsideration (Doc. No. 15). In his Motion, Plaintiff requests that the Court's Judgment be set aside pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6) to allow Petitioner to again seek relief in this case via an attached amended complaint (Doc. No. 15-1). *See* Pl.'s Mot. at 1-2.

"A motion to vacate judgment under Rule 60(b) is left almost entirely up to the discretion of the trial court." *Greenwood Expls., Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426 (10th Cir. 1988). Pursuant to Rule 60(b)(1), a court may relieve a party from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Subsections (2) through (5) specify other potential bases for relief, and then the Rule prescribes in subsection (6) that the court also may relieve a party for "any other reason that justifies relief." *Id.* R. 60(b)(6). Relief under Rule 60(b)(6) is "difficult to attain," *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation marks omitted), and is appropriate only "when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief," *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks omitted).

Having considered Plaintiff's Motion, the Court finds no basis for reconsideration of its prior disposition. Even liberally construed, Plaintiff's vague reference to "[m]edical emergency, [o]ther court proceeding, and being [f]alsely arrested again" fails to show any

error or misapprehension by the Court or any excusable neglect by Plaintiff. Pl.'s Mot. at 1; *see* Fed. R. Civ. P. 60(b)(1). Nor does Plaintiff establish unusual or compelling circumstances or any other ground that justifies reopening this matter. *See* Pl.'s Mot. at 1; Fed. R. Civ. P. 60(b)(6). Further, Plaintiff's assertion that he acted "promptly" is belied by the record in this case, which reflects that he did not respond to the Motion to Dismiss or otherwise contact the Court until after the dismissal had been entered months later. Pl.'s Mot. at 1.

It follow that, even liberally construed, Plaintiff has not shown that he is entitled to relief under Rule 60(b)(1) or (6) of the Federal Rules of Civil Procedure. Nor does the Motion show that dismissal of this matter, which was imposed without prejudice to Plaintiff re-raising his claims by filing a new lawsuit, constituted "clear error" or "manifest injustice." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. No. 15) is DENIED. Defendants' Motion to Dismiss (Doc. No. 17) is DENIED AS MOOT.

Plaintiff's Motion for Correction of Name (Doc. No. 19) is GRANTED. The Court of Clerk is hereby directed to update the case docket and caption to reflect that Plaintiff's full name is "Ali Ali-Bey."

IT IS SO ORDERED this 11th day of March, 2026.

CHARLES B. GOODWIN
United States District Judge